UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
HARRISBURG, PA

JUL 2 2 2022

PER_____
                    DEPUTY CLERK

PEDRO NUNEZ                    :

                               :

     V.                        :    Case. No._____

WARDEN J. SAGE                 :


MEMORANDUM IN SUPPORT OF THE PETITIONERS
CLAIM UNDER 28 USC § 2241


Now comes the petitioner, Pedro Nunez, pro se, respectfully
requesting this Honorable Court, order the BOP to vacate, and
expunge his prior convictions to BOP offense codes 112,113 and 224.
As Nunez explains, the BOP failed to follow policy, Violating his
Due Process Rights and also violating the Accardi Doctrine. Nunez
ask's that this court uphold his due process rights, and the Accardi
Doctrine, to ensure justice is served properly, but also to deter
future violations to other inmates by BOP staff. Inmates are held
to follow all of the rules, not just some of the rules sometimes, but
all of the rules at all times, this is equally true for the BOP's
staff members, especially as in this case the policies and rules
in question attach to the loss of Statutory Good Conduct time.
Accordingly Nunez addresses in turn the BOP's violations.

(1)

EXHAUSTION OF THE ADMINISTRATIVE REMEDIES

Nunez asserts he has exhausted his administrative remedy process, and to any extent the government argue's he has not, he would assert that they should be waived. Under Lyons v. Marshalls, Exhaustion can be waived if it is futile or would subject the petitioner to an irrepaiable harm, here the loss of Good Conduct Time, supports a waiver of any exhaustion requirement, as it subjects Nunez to an irrepairable harm, Nunez provides the exhaustion of the offense codes 112, 113, but is unable to provide the paperwork from the code 224, and request the government provide copies of the BOP paperwork which was lost by BOP staff when Nunez transferred, in any event Nunez asserts he satiside the exhaustion requirement with regards to codes 112, and 113, and exhaustion if need be, should be waived for offense code 224.

VIOLATIONS OF BOP POLICY, AND DUE PROCESS

Under BOP policy codified under 28 C.F.R § 541.8(c), Nunez was entitled to receive adequate notice of the charges set forth against him no less than 24 hours prior to the DHO hearing, this did not occur, in both DHO proceeding's Nunez was not provided with at least 24 hours notice, prior to his hearing. Nunez was also denied his rights under BOP Policy codified under 28 CFR § 541.8(f), which provides the right tocall winesses and present documentary evidence on his behalf. The Due process clause of the Fifth Amendment protects prisoners from the deprivation of life, liberty, or property without due process. See Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed 2d 935 (1974) A liberty interest protected by the Due Process Clause may arise from either of Two sources,(1) The Due

(2)

Process Clause itself, or from a state or federal law. See **Hewitt v. Helms,** 459 U.S. 460, 466, 103 S. Ct. 864, 74 L. ed 2d 675 (1983) Federal Prisoners serving over One year of imprisonment have the statutory right receive credit toward their sentences for Good Conduct, and as such the Due Process Clause applies to the DHO proceedings. See **Denny v. Schultz,** 708 F. 3d 140, 143-44(3rd Cir.2013). Here Nunez was not provided at least 24 hours notice prior to the DHO hearing, a common practice of the BOP, nor was he afforded the opportunity to obtain any written evidence to provide to the DHO, additionally the BOP failed to conduct an adequate lab analisys, on the alleged drug of Suboxone, which is required by policy.It is also required by policy to provide him at least 24 hours notice. These failures violate Due process, but also the BOP's staff, failed to follow there own rules and regulations, in Violation of the Accardi Doctrine. See **United States ex rel. Accardi v. Shaughnessy,** 347 US 260, 268, 74 S. Ct. 499, 98 L. Ed 681 (1954)Regulations with the force and effect of law supplement the bare bones of federal stautes and an agenct may not act contrary to those existing valid regulations. When regulations affect substantial individual rights the agency has the obligation, and the responsibility to follow the procedures. Here BOP staff failed to follow codified BOP policy, that failure not only violates the Accardi Doctrine, these failures also constitute several due process violations. Nunez can not be the only one to adhere to the rules, it equally has to apply to the BOP's staff members as well. For these reasons the three convictions must be vacated, the records must be expunged from Nunez's inmate central file, and his lost GCT days must be restored.

(3)

The rights an inmate has are clearly established under Wolff, these rights have been violated by BOP staff, those violations of Due Process are also Violations of codified BOP policy, the BOP's staff members failed to follow those policies, which is a violation of the Accardi Doctrine. This court must vacate these convictions, otherwise the message to BOP staff will be clear, that they can disregaurd BOP policy and prisoners Due process rights, and the prisoner has no recourse, that will essentially nullify the rights protected by Due Process, because if there are no consequences for the violations, there really is no rights in actual effect because there is no enforcement of those rights. The Staff must be held to the highest standard, when it comes to following the rules, as it is those rules set forth that designed to protect our Due Process Rights.

For all these reasons Nunez, respectfully request that this Honorable Court order the BOP to restore his lost Good Conduct Time and to remove all documents related to these incidents from his inmate central file, and that he be rescored under his custody classification, absent the violations. The Due Process Rights of inmates must be protected, and the only way to ensure that they are in this situation is to vacate the convictions, this will also deter staff in the future, and promote respect for the rules and the laws that provide us with Due Process in a DHO proceeding.

Respectfully Submitted,

Pedro Nunez
#67682-050
FCI Schuylkill
PO Box 759
Minersville PA , 17954

## CERTIFICATE OF SERVICE

I, _Pedro Nunez_    , do hereby certify, that I served a copy of this
2241 Petition, to Warden, J. Sage, by placing one copy into the prisons
institutional (internal) mail system, on this _ 12th day of the month
    July 12th in the year 2022. This certificate is set forth in
Accordance with 28 U.S.C § 1746.

I have also placed this petition in the institution mail box on
the same day to be mailed (first class postage prepaid) to;

                    Clerk of the Court
                    U.S. District Court
                    228 Walnut Street
                Harrisburg, PA, 17108-9998


This information is true and accurate, to the best of my ability
and knowledge, and is set forth under the pains and penalties of
perjury.

This documented was executed on this 12th day of the month of_ July
in the year 2022.


Name (print) ·_Pedro Nunez_

Signature:_

                    (5)

AFFIDAVIT OF PEDRO NUNEZ

I, Pedro Nunez, provide the following statement in support
of my petition under 28 USC 2241. This document is true and
accurate to the best of my ability, it is provided under the
pains and penalties of perjury, pursuant to 28 USC 1746.
I was not provided 24 hour notice that my DHO hearing was going
to occur, in either of the DHO process. That because of that
I was unable to provide any written documents in my defense.
This violated my Due Process Rights.
This is my sworn testimony provided to the best of my ability
and knowledge.


This Document was execute on July, 12th ,2022.


SET FORTH UNDER 28 USC 1746



Pedro Nunez



Page One of One

Administrative Remedy Number 997205-A1
Part B - Response

You appeal the September 25, 2019, hearing decision of the Discipline
Hearing Officer (DHO), where you were found to have committed the
prohibited act of Assaulting Any Person (Minor), Code 224, Incident
Report No. 3303979.  You assert there were no witnesses to the
altercation, you never made a statement to the report writer, the
incident report contains false information and there was no
justification for a fine as you did not damage government property.
For relief, you request this incident report be expunged and your
sanctions vacated.

Our review of the disciplinary proceedings indicates compliance with
Program Statement 5270.09, Inmate Discipline Program, and we concur
with the Regional Director's response regarding the incident report.
The DHO's decision was based upon the evidence detailed in Section
V of the DHO report.  We find the determination of the DHO is
reasonable and supported by the evidence.  Your Due Process rights
were upheld during the discipline process.  The DHO relied on the
statement of the report writer, medical assessments and photographs
to determine the greater weight of evidence supported that you
committed the prohibited act.  We find no evidence, nor have you
provided any, to support your allegation the incident report
contained false statements.  Program Statement 5270.09 provides
that a fine can be imposed as a sanction for a High severity level
prohibited act.  The sanctions imposed were commensurate to the
severity level of the offense committed and in compliance with
policy.

Considering the foregoing, your appeal is denied.


___1\30\20___                    _____
Date                             Ian Connors, Administrator
                                 National Inmate Appeals