IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PEDRO NUNEZ,** | : CIVIL ACTION NO. 1:22-CV-1135 |
| Petitioner | : (Judge Conner) |
| v. | : |
| **WARDEN J. SAGE,** | : |
| Respondent | : |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Pedro Nunez, challenges three disciplinary sanctions imposed by the United States Bureau of Prisons ("BOP") during his incarceration in Schuylkill Federal Correctional Institution ("FCI-Schuylkill"). We will deny the petition with prejudice.

**I.      Factual Background & Procedural History**

Nunez is currently serving an 87-month term of imprisonment imposed by the United States District Court for the District of New Jersey for distribution of heroin. (Doc. 8-1 at 3). He has been incarcerated in FCI-Schuylkill at all relevant times. His petition is based on three incident reports during his incarceration.

The first incident report, Incident Report 3207709, arises from events on December 31, 2018, when correctional officer J. Mathes ordered Nunez to submit to a breathalyzer test. (Id. at 31). The breathalyzer test indicated Nunez's blood alcohol content was .132. (Id. at 31). Mathes conducted a second breathalyzer test approximately twenty minutes later, which indicated a blood alcohol content of

.093. (Id.) Nunez was charged with prohibited use of drugs or alcohol in violation of BOP policy and the charges were referred to a Disciplinary Hearing Officer ("DHO"). (Id. at 28-29). The DHO conducted a hearing on February 4, 2019. (Id.) Nunez waived his right to staff representation during the hearing, waived his right to call witnesses, and stated that the incident report was true. (Id. at 28). The DHO found Nunez guilty and sanctioned him to 40 days loss of good conduct time and 180 days without email privileges. (Id. at 29).

The second incident report, Incident Report 3292188, arises from events on August 15, 2019, when a special investigation officer discovered three glove-wrapped cellophane packages containing an unknown orange substance from the cell that Nunez shared with another inmate. (Id. at 13). The packages were examined by the prison's pharmacy department, which determined that the substance was Suboxone. (Id.) Prison staff charged Nunez with possession of narcotics, and the charges were referred to a DHO, who conducted a disciplinary hearing on August 28, 2019. (Id. at 10). During the hearing, Nunez admitted that the Suboxone belonged to him, waived his right to staff representation or to call witnesses, and declined to provide any evidence for the DHO's consideration. (Id.) The DHO found him guilty and sanctioned him to 30 days of disciplinary confinement, 41 days loss of good conduct time, and 1 year loss of phone and visitation privileges. (Id. at 10-11).

The third incident report, Incident Report 3303979, arises from a physical fight between Nunez and his cellmate on September 15, 2019. (Id. at 23). No staff members observed the fight, but the officer who responded to the cell observed that

2

both individuals had physical injuries consistent with being in a fight. (Id.) The cellmate had contusions on his head and face. (Id.) Nunez was interviewed following the fight and stated that he was doing sit-ups in the cell when the cellmate punched him, and Nunez responded by punching him in the head and face. (Id.) Nunez was charged with fighting with another person, and the charge was referred to a DHO. (Id. at 18). The DHO conducted a hearing on September 25, 2019. (Id.) Nunez waived his rights to staff representation or to call witnesses on his behalf, but maintained his innocence, stating that he never made a statement to officers admitting his role in the fight. (Id.) Based on the greater weight of the evidence, the DHO found Nunez guilty, concluding that the account of the responding officer and the cellmate's injuries supported a finding that Nunez was guilty of fighting with the cellmate. (Id. at 19). The DHO sanctioned Nunez to 30 days disciplinary confinement, 27 days loss of good conduct time, and a $116.00 fine. (Id. at 20).

Nunez challenged the disciplinary sanctions arising from Incident Report 3303979 through administrative remedy appeals pursuant to the BOP's administrative remedy program on October 15, 2019 and December 31, 2019. (Id. at 4, 38-42). Nunez has not sought administrative review with respect to Incident Reports 3207709 or 3292188. (Doc. 8 at 8; Doc. 8-1 at 4, 38-42).

Nunez filed the instant petition on July 12, 2022, and the court received and docketed the petition on July 22, 2022. (Doc. 1 at 9). Nunez seeks a writ of habeas corpus compelling the BOP to restore his good conduct time. He argues that the BOP violated his due process rights by (1) not providing him advance notice of the charges against him; (2) denying him his right to call witnesses or present

3

documentary evidence on his behalf; (3) failing to conduct lab testing on the substance that gave rise to Incident Report 3292188; and (4) violating the Accardi doctrine by failing to follow BOP rules. (Doc. 2 at 2-4).

Respondent responded to the petition on September 15, 2022. (Doc. 8). Respondent argues the petition should be denied because Nunez failed to exhaust administrative remedies with respect to Incident Reports 3207709 or 3292188 and because his claims with respect to Incident Report 3303979 fail on the merits. (Id.) Nunez has not filed a reply brief, and the deadline for doing so has expired under the Local Rules. The petition is accordingly ripe for review.

### III. Discussion

We begin with respondents' administrative exhaustion argument. Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, our court of appeals has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted). The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—

4

final appeal to the general counsel. See id. §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982).

We find that Nunez failed to exhaust administrative remedies with respect to Incident Reports 3207709 or 3292188. Respondent has produced evidence showing that Nunez failed to file any administrative remedy requests regarding those incident reports, and Nunez has not offered any evidence to rebut that fact. (Doc. 8 at 8; Doc. 8-1 at 4, 38-42).

Nunez argues that exhaustion of administrative remedies should be excused because he has suffered an irreparable harm by losing good conduct time. (Doc. 2 at 2). This argument is without merit. Although irreparable harm may be sufficient to excuse administrative exhaustion in some circumstances, see, e.g., Brown v. Warden Canaan USP, 763 F. App'x 296, 297 (3d Cir. 2019), (nonprecedential),[1]

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

courts in this circuit routinely require exhaustion of administrative remedies before petitioner may seek restoration of good conduct time through a petition for writ of habeas corpus. See, e.g., Mitchell v. Romine, 158 F. App'x 367, 368 (3d Cir. 2005) (nonprecedential); Gross v. Warden USP Canaan, No. 1:16-CV-2289, 2017 WL 2720274, at *6-8 (M.D. Pa. June 23, 2017) (Conner, C.J.).  We accordingly conclude that Nunez's loss of good conduct time, i.e. the nature of the penalty imposed in this case, is not a sufficient irreparable harm to excuse exhaustion of administrative remedies and will dismiss his claims with respect to Incident Reports 3207709 and 3292188 without prejudice for failure to exhaust.

Turning to the remaining claim, we will deny Nunez's claim for habeas corpus relief with respect to Incident Report 3303979.  Federal prisoners serving a sentence of imprisonment of more than one year have a constitutionally protected liberty interest in good conduct time. Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013).  To protect this interest, prisoners must be afforded procedural due process protections when they are accused of misconduct that may result in the loss of good conduct time, including: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges against them; (3) an opportunity to call witnesses and present documentary evidence when it is consistent with institutional safety and correctional goals to do so; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).

When reviewing the sufficiency of the evidence in a prison disciplinary proceeding, the court must determine whether there is "any evidence in the record that could support the conclusion" reached by the hearing examiner. Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992). If there is "some evidence" to support the decision, the Court must reject any evidentiary challenges by the petitioner. Hill, 472 U.S. at 457. This standard is minimal and does not require examination of the entire record, an independent analysis of the credibility of the witnesses, or even a weighing of the evidence. Thompson v. Owens, 899 F.2d 500, 501-02 (3d Cir. 1989).

Nunez argues that the BOP violated his due process rights under Wolff by failing to give him advance notice of the charges against him before the disciplinary hearing and by denying him the right to call witnesses or present documentary evidence. (Doc. 2 at 2-3). The record belies these claims. The DHO's report demonstrates that Nunez was given advance written notice of the charges against him by Lieutenant J. Olshefski six days before the DHO hearing, that Nunez waived his right to call witnesses during the DHO hearing, and that he did not attempt to introduce any documentary evidence for the DHO's consideration. (Doc. 8-1 at 18). Nunez has not challenged the authenticity of the DHO's report or provided any

evidence to rebut the report. Hence, we find that Nunez has failed to establish any violation of his due process rights under Wolff.[2]

Nunez's Accardi doctrine argument also fails. "Although the Accardi doctrine originally contemplated that an agency's failure to comply with its own rules automatically would nullify its actions, the Supreme Court since has 'required that claimants demonstrate prejudice resulting from the violation unless the rules were not intended primarily to confer important procedural benefits upon individuals in the face of otherwise unfettered discretion or unless an agency required by rule to exercise independent discretion has failed to do so.'" Chong v. Dist. Dir., I.N.S., 264 F.3d 378, 389 (3d Cir. 2001) (cleaned up) (quoting United States v. Morgan, 193 F.3d 252, 267 (4th Cir. 1999)). Nunez has not stated what prejudice he suffered as a result of the BOP's purported failure to follow its own rules and accordingly fails to establish his entitlement to relief under the Accardi doctrine. Moreover, the only rules Nunez asserts the BOP failed to follow are not giving him advance written notice of the charges against him and not allowing him to call witnesses or present documentary evidence. But, as noted above, those claims are refuted by the record of this case.

Finally, although Nunez has not challenged the sufficiency of evidence with respect to his underlying disciplinary conviction, we find the evidence that was

---

[2] We do not consider Nunez's argument that the BOP failed to conduct laboratory testing on the substance identified as Suboxone that was found in his cell. We concluded above that Nunez failed to exhaust administrative remedies with respect to the Suboxone claim and we accordingly do not reach the merits of that claim.

before the DHO sufficient to satisfy the "some evidence" standard.  See Hill, 472 U.S. at 457.  The observations of the responding officer that Nunez and his cellmate had physical injuries that were consistent with a fight combined with the contusions on the inmate's head and face were clearly sufficient to convict Nunez of fighting.

### IV. Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice for failure to exhaust administrative remedies to the extent it seeks relief with respect to Incident Reports 3207709 or 3292188 and deny the petition with prejudice to the extent it seeks relief with respect to Incident Report 3303979.  An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   April 28, 2023